# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| PDVSA V.I., INC., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| - v - | ) | CIVIL NO. 2015-29 |
| | ) | |
| DIRECTOR, VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE, | ) | |
| | ) | |
| Respondent. | ) | |

## PETITION CHALLENGING NOTICE OF TAX DEFICIENCY

PDVSA V.I., Inc. ("PDVSA VI" or, "Petitioner"), hereby petitions for a redetermination of the deficiency in income tax for the taxable year ended December 31, 2010 (the "2010 Tax Year"), set forth by the Director of the Virgin Islands Bureau of Internal Revenue ("Respondent") in Respondent's Notice of Deficiency dated December 30, 2014 (the "Notice of Deficiency"). As the basis for this case, Petitioner alleges as follows:

1. <u>Jurisdiction</u>. This Court has subject matter jurisdiction pursuant to 48 U.S.C. § 1612(a), as this is a civil proceeding with respect to the income tax law of the Virgin Islands of the United States. This action is for the redetermination of income tax under Rule 71A.1 of the Local Rules of Civil Procedure of the District Court of the Virgin Islands.

2. <u>Petitioner</u>. Petitioner, a corporation formed under the laws of the U.S. Virgin Islands, is in the oil and natural gas business and is a wholly-owned subsidiary of Petróleos

de Venezuela, S.A. ("PDVSA"). Petitioner's principal place of business is in the United States Virgin Islands and its mailing address for correspondence with the Bureau of Internal Revenue (the "BIR") is PDVSA VI c/o George H. T. Dudley, P.O. Box 756, St. Thomas, VI, 00804. Petitioner is a fifty percent partner in HOVENSA, LLC ("HOVENSA"), a joint venture between Petitioner and Hess Oil Virgin Islands Corporation ("HOVIC"), established in 1998 to own and operate a refinery in St. Croix, U.S. Virgin Islands. HOVENSA is a limited liability company formed under the laws of the U.S. Virgin Islands and is classified as a partnership for income tax purposes under section 7701 of the Internal Revenue Code of 1986, as amended (the "Code"). On August 29, 2011, Petitioner timely filed its corporate income tax return, Form 1120, for the 2010 Tax Year with the Office of the BIR at St. Thomas, U.S. Virgin Islands by hand delivery.

3. Notice of Deficiency and Procedural Background.

(a) The Notice of Deficiency upon which this Petition is based is dated December 30, 2014. Petitioner did not receive a copy of the Notice of Deficiency until March 4, 2015. A copy of the Notice of Deficiency with accompanying explanations and schedules is attached hereto and labeled as "**Exhibit A**."

(b) The BIR issued a Final Partnership Administrative Adjustment, dated December 30, 2014, to HOVENSA for the 2010 Tax Year (the "FPAA"). A copy of the FPAA is attached hereto and labeled as "**Exhibit B**."

(c) HOVENSA filed a petition for readjustment of partnership items under section 6226 of the Code. See *HOVENSA, LLC. v. Director, Virgin Islands*

*Bureau of Internal Revenue,* Case No. 2015-26 (the "HOVENSA Petition"). The HOVENSA Petition is incorporated by reference herein in its entirety and is attached hereto and labeled as "**Exhibit C.**"

4. Amounts in Dispute.

(a) In the Notice of Deficiency, Respondent asserts a deficiency in Petitioner's income tax liability for the 2010 Tax Year of $2,360,738,677, comprised of the following:

| Label in Notice of Deficiency | 2010 |
|---|---|
| Corrected Tax | $2,146,126,070 |
| Tax Surcharge | $214,612,607 |
| Corrected Tax Liability | $2,360,738,677 |

(b) Additionally, Respondent determined additions to tax for (1) a substantial understatement of tax pursuant to section 6662 of the Code in the amount of $472,147,735.40 and (2) an accumulated earnings tax pursuant to section 531 of the Code in the amount of $919,768,316. All of the additions to tax are in dispute.

(c) The Court's determinations with respect to the assignments of error alleged in Paragraph 5, *infra*, will require redetermination of various correlative and computational adjustments made in the Notice of Deficiency in accordance with Tax Court Rule 155.

5. <u>Assignments of Error</u>. Respondent's determinations of taxes and additions to tax for the 2010 Tax Year, as set forth in the Notice of Deficiency and the FPAA are based upon the following errors:

(a) <u>HOVENSA Errors</u>: Petitioner incorporates the errors asserted in the HOVENSA Petition by reference in their entirety.

(b) <u>Timely Assessment Error</u>: Respondent erred by failing to issue the Notice of Deficiency to Petitioner within the period required by section 6501(a) of the Code.

(c) <u>HOVENSA Net Rental Income Error</u>: Respondent erred by recapturing and allowing as income $120,366 of other net rental income.

(d) <u>Petitioner Legal and Professional Expenses Error</u>: Respondent erred by disallowing deductions claimed by Petitioner under section 162 of the Code for legal and professional expenses in the amount of $1,021 for the 2010 Tax Year.

(e) <u>Petitioner Tax Surcharge Error</u>: Respondent erred in asserting what it characterizes as a "tax surcharge" in the amount of $214,612,607 in determining the deficiency amount for the 2010 Tax Year. Respondent has not cited any statutory basis for this surcharge or provided any explanation for this adjustment.

(f) <u>Petitioner Accumulated Earnings Tax Error</u>: Respondent erred in imposing an accumulated earnings tax in the amount of $919,768,316 pursuant to section 531 of the Code.

(g) <u>Petitioner Penalty Errors</u>: In connection with the errors described in Paragraphs 5(a)-(d), Respondent erred by asserting substantial understatement of tax penalties totaling $472,147,735.40 pursuant to section 6662 of the Code.

6. <u>Supporting Facts</u>. The facts upon which Petitioner relies as the basis for its case are as follows:

### **HOVENSA**

(a) Petitioner incorporates the supporting facts set forth in the HOVENSA Petition by reference in their entirety.

### **Respondent's Untimely Issuance of the Notice of Deficiency**

(b) The Notice of Deficiency issued to Petitioner is dated December 30, 2014 and Respondent claims to have mailed it on that date to PDVSA VI, Inc., c/o Eduardo Cukier, 101 Park Ave, New York 10178-0061 rather than to Petitioner's last known address (i.e., the address Petitioner listed on its tax returns) as required by section 6212(b)(1) of the Code.

(c) Petitioner never received a copy of the Notice of Deficiency in the mail.

(d) After several inquiries from Petitioner's counsel, Respondent finally provided Petitioner with a signed Notice of Deficiency on March 4, 2015 when Respondent sent a scanned copy (**Exhibit A**), to Petitioner's counsel via electronic mail.

**Petitioner's 2010 Tax Year**

(e)     Petitioner timely filed its 2010 Form 1120 income tax return with Respondent, reporting Taxable Income on line 30 of ($238,698,281).

(f)     Petitioner received a 2010 Schedule K-1 from HOVENSA reflecting Petitioner's share of an ordinary business loss in the amount of ($238,920,138) and Petitioner's share of other net rental income in the amount of $120,366 for net loss of ($238,799,772).

**HOVENSA Net Rental Income Error**

(g)     Respondent has not provided any factual support for or explanation of the adjustment it characterizes as "other net rental income of $120,366.00 on the Schedule K-1 from Hovensa LLC [that] is being recaptured and allowed as income under other income for the 2010 tax year as per IRC §§ 701 & 702."

**Petitioner Legal and Professional Expenses**

(h)     Petitioner incurred legal and professional expenses in the amount of $20,976 for the 2010 Tax Year.

(i)     Petitioner properly reported these legal and professional expenses on its 2010 Form 1120, and properly claimed a deduction under section 162 of the Code.

(j)     Petitioner's books and records substantiate all $20,976 of legal and professional expenses claimed for the 2010 Tax Year.

### Assertion of Tax Surcharge

(k)     Petitioner has no income tax liability for the 2010 Tax Year on which any "tax surcharge," including any U.S. Virgin Islands tax surcharge, is properly applicable.

(l)     Respondent has not identified the nature of the tax surcharge it is asserting, provided any legal or factual support for the tax surcharge, or explained how it determined the amount of the tax surcharge.

### Assertion of Accumulated Earnings Tax

(m)     Respondent provided no notification to Petitioner prior to the Notice of Deficiency that it intended to impose the accumulated earnings tax for the 2010 Tax Year; therefore, Respondent bears the burden of proof with respect to alleged application of the accumulated earnings tax pursuant to section 534 of the Code.

(n)     Petitioner was not a corporation formed or availed of to avoid or prevent the imposition of tax on its shareholders or the shareholders of any other corporation.

(o)     Petitioner did not have accumulated taxable income on which to impose the accumulated earnings tax in 2010.

(p)     After declaring and paying a substantial dividend in 2008 and incurring  substantial losses in 2009 and 2010, Petitioner did not have additional liquid assets with which to make any further dividend payments in 2010, so no basis

for any imposition of the accumulated earnings tax on Petitioner exists in law or in fact.

**Assertion of Penalties**

(q)  To the best of Petitioner's knowledge: (1) HOVENSA properly reported all items of income, loss, deduction, and credit on its 2010 Form 1065; (2) substantial authority supported HOVENSA's income tax reporting for the 2010 Tax Year; (3) HOVENSA made reasonable, good faith efforts to determine its correct income tax reporting for the 2010 Tax Year; and (4) HOVENSA had a reasonable basis for its income tax reporting position for the 2010 Tax Year.

(r)  Petitioner properly reported the income and losses resulting from its distributive share of ordinary business loss from HOVENSA, on the Form 1120 filed for the 2010 Tax Year.

(s)  Petitioner had reasonable cause for its income tax reporting positions on its Form 1120 for the 2010 Tax Year and acted in good faith.

(t)  Petitioner properly reported all other income, expenses, and deductions on its Form 1120 filed for the 2010 Tax Year.

(u)  Substantial authority supported Petitioner's income tax reporting for the 2010 Tax Year.

(v)  Petitioner made reasonable, good faith efforts to determine its correct income tax liability for the 2010 Tax Year.

(w)  Petitioner had a reasonable basis for its income tax reporting position for the 2010 Tax Year.

(x) Petitioner had reasonable cause for its income tax reporting positions on its Form 1120 for the 2010 Tax Year and acted in good faith.

**WHEREFORE**, Petitioner prays that the Court:

1) Determine that the time for assessing any tax attributable to Petitioner's 2010 Tax Year non-partnership items has expired;

2) To the extent the Court grants the relief requested in the HOVENSA Petition, determine that there is no deficiency in income tax attributable to partnership items of HOVENSA;

3) Determine that there is no deficiency in income tax due from Petitioner for the 2010 Tax Year;

4) Determine that none of the additions to tax asserted in the Notice of Deficiency are due from Petitioner for the 2010 Tax Year;

5) Determine that no "surcharge" is due from Petitioner for the 2010 Tax Year; and

6) Grant to Petitioner such other and further relief as the Court, in its discretion, deems just and proper.

Respectfully submitted,

DUDLEY, TOPPER and FEUERZEIG, LLP

/s/ Chad C. Messier

Dated: March 29, 2015                _____

Chad C. Messier (V.I. Bar No. 497)
Law House, 1000 Frederiksberg Gade
P.O. Box 756, Charlotte Amalie
St. Thomas, VI 00804
Telephone: (340) 774-4422
Facsimile: (340) 715-4400
Email: CMessier@dtflaw.com