**PDVSA V.I., Inc.**
**Petition for 2010 Tax Year**

# Exhibit B

**HOVENSA 2010 FPAA**

**Virgin Islands Bureau of Internal Revenue**

*Hovensa 2010 USVI BIR*

Date: December 30, 2014

Taxpayer Identifying Number: ██1354

Name of Partnership: Hovensa, LLC

Tax Year Ended: 2010

Contact Hours: Naomi Maynard-Julien

Contact Telephone Number: (340) 773-1040,x4260

Date FPAA Mailed to Tax Matters Partner: December 30, 2014

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the Bureau.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. IRC section 6651 late filing penalty applies to any late filed returns that are required to report the partnership item adjustments. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

**Letter 1830 (Rev. 7-2007)**
Catalog Number 61242U

You have three options available to you:

**1. If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Director of Bureau of Internal Revenue. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership."*

**2. If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 150 days from the date of this letter. During this 150-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with the District Court of the Virgin Islands.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 150th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 150th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more than one petition is filed in District Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in District Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife and both want to petition the District Court, both must sign the petition or each must file a separate signed petition.

**3. If you do nothing:**

If a petition for readjustment is not filed in the District Court, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Bureau to bill you after 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the District Court, and the District Court upholds the adjustments in whole or in part, we will not bill you until the District Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions, you can write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the Bureau contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

Sincerely,

Claudette Watson-Anderson, CPA
Director

Tamarah Parson-Smalls, Esq.
Chief Counsel

Enclosures:
Form 870-P/Form 870-PT
Copy of this letter

**Letter 1830 (Rev. 7-2007)**
Catalog Number 61242U

**FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP**

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the Bureau contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

# INSTRUCTIONS FOR SIGNING FORM 870-PT

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT.  One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form.  The IRS may accept the signature of only one spouse at its discretion.  However, the agreement will only be binding on the signing spouse.

2. If the taxpayer is a corporation, the agreement should be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.

3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.

5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year.  The common parent corporation signs the agreement in its own name.  The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.

6. If the Tax Matters Partner signs this offer, please include the title with the signature.

7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation.  An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement.  See Treas. Reg. 1.1502-77(a)(3)(v).

DEPARTMENT OF THE TREASURY – INTERNAL REVENUE SERVICE

## Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts

page 1 of 2

### SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP<br>Hovensa, LLC<br><br>TAXPAYER IDENTIFYING NUMBER: ▮▮▮▮ 1354 | TAX YEAR(S) ENDED<br><br>December 31, 2010 | | |
|---|---|---|---|
| DETAIL OF ADJUSTMENTS TO ORDINARY INCOME: | | | |
| **Cost of Goods Sold** | 11,935,347,871 | | |
| **Depreciation** | 166,347,210 | | |
| **Other Deductions (Various)** | 161,436,702 | | |
| **Ordinary Business Loss** | 478,838,542 | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTAL ADJUSTMENTS TO ORDINARY INCOME** | $ 12,263,131,783 | | |
| OTHER ADJUSTMENTS | | | |
| **A. Accuracy-Related Penalties   IRC Section 6662 @ 40%** | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| **B. Other Deductions** | | | |
| (1) ADJUSTMENT | $1,516,852 | | |
| (2) AS REPORTED | $1,516,852 | | |
| (3) CORRECTED | $0.00 | | |

REMARKS


**Accuracy Penalties under IRC Section 6662 are included as a partnership level determination.**


Cat. No. 57315H             Form **870-PT** (8-2004)

**Form 870-PT, Other Adjustments (Continued)**

Page 2 of 4

| NAME OF PARTNERSHIP<br>HOVENSA, LLC | TAX YEAR(S) ENDED | | |
|---|---|---|---|
| TAXPAYER IDENTIFYING NUMBER: 98-0191354 | December 31, 2010 | | |
| **C. Other Information** | | | |
| (1) ADJUSTMENT | $244,933 | | |
| (2) AS REPORTED | $244,933 | | |
| (3) CORRECTED | $0.00 | | |
| **D.** | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | $0.00 | | |
| **E.** | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | $0.00 | | |
| **F.** | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | $0.00 | | |
| **G.** | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | $0.00 | | |
| **H.** | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | $0.00 | | |
| **I.** | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | $0.00 | | |

Cat. No. 57315H　　　　　　　　　　　　　　　　　　　　　　　　　　　Form **870-PT** (8-2004)